1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TAIFUSIN CHIU,                             No.  2:22-cv-01853 DAD AC PS

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    THE PRESIDENT OF US, DONALD
      TRUMP, THE WHITE HOUSE, FARM
15    FOW SAECHOU,

16              Defendants.

17

18         Plaintiff is proceeding in this action pro se.  The matter was referred to the undersigned by

19    E.D. Cal. R.  302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

20    pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that

21    statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

22                                      I.  SCREENING

23         A determination that a plaintiff qualifies financially for in forma pauperis status does not

24    complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

25    dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

26    relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

27    28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the

28    complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

                                                1

1  Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

2  must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the

3  reason the case is filed in this court, rather than in a state court), (2) a short and plain statement

4  showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and

5  (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth

6  simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

9  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

10  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

11  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

12  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

13  denied, 564 U.S. 1037 (2011).

14         The court applies the same rules of construction in determining whether the complaint

15  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

16  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

17  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

18  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

19  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

20  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

21  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

22  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

23  556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must

24  allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at

25  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

26  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

27  Iqbal, 556 U.S. at 678.

28  ////

1    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

3    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

4    stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

5                                    II.  THE COMPLAINT

6    The putative complaint is unintelligible.  Though filed as a single 39-page document, it

7    consists of several complaints strung together.  No causes of action are identified.  Plaintiff has

8    filed nearly identical unintelligible complaints in the past (see Chiu v. Donald Trump, 22-cv-0764

9    KJM AC).  As with plaintiff's previously filed case, the body of the complaint alternates between

10   incoherent prose and phrases set out in a manner akin to free verse.  For example, the complaint

11   begins: "One penny pile up nickel, nickel pile up dime, dime pile up quarter, quarter pile up half

12   dollar, half dollar pile up one dollar . . ." and so on, counting money increments.  ECF No. 1 at 2.

13   The document continues like a poem.  ECF No. 1 at 1-5.  There is not a single discernible fact or

14   legal cause of action presented in the complaint.

15                                    III.  ANALYSIS

16   The complaint does not contain facts that indicate any basis for federal jurisdiction or that

17   support any cognizable legal claim against any defendant.  The undersigned finds that the

18   complaint consists entirely of fanciful and nonsensical allegations with no basis in law and no

19   plausible supporting facts.  Accordingly, the complaint cannot support relief and must be

20   dismissed.  See Neitzke, 490 U.S. at 327; Twombly, 550 U.S. at 570.

21   It is readily apparent that amendment would be futile.  Although leave to amend is

22   generally to be granted with liberality, "[v]alid reasons for denying leave to amend include undue

23   delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

24   Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath

25   Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

26   be freely given, the court does not have to allow futile amendments).  Considering the content of

27   the complaint before the court, the undersigned finds that it would be futile to grant plaintiff leave

28   to amend.

IV.     PRO SE PLAITNIFF'S SUMMARY

Your request that the court waive your filing fee is being granted and you will not have to pay the filing fee in this case.  However, because your complaint does not make any legal claim, the undersigned is recommending that your case be dismissed.

V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 20, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE